IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROLAND FENNER, | § | |
| ID # 2207245, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-CV-2870-B-BW |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Petition for a Writ of Habeas Corpus by a
Person in State Custody, received on February 27, 2026.  (Dkt. No. 10.)  Based on
the relevant filings and applicable law, the Court should **DISMISS** the amended
petition without prejudice for lack of jurisdiction.

**I.  BACKGROUND**

Christopher Roland Fenner, a prisoner of the Texas Department of Criminal
Justice, Correctional Institutions Division ("TDCJ-CID"), brings this habeas action
under 28 U.S.C. § 2254 challenging his conviction and 20-year sentence for
indecency with a child in Cause No. 249-00724.  (*See id.* at 2.)  The petition names
the Director of the TDCJ-CID as the respondent.  (*See id.* at 1.)

In July 2011, Fenner pled guilty to one count of aggravated assault of a child
and one count of indecency with a child by contact in Cause No. 249-00724 in the

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for
full case management.

249th District Court of Somervell County, Texas.  *See Fenner v. State*, 571 S.W.3d

892, 893-95 (Tex. App.—Waco 2019, pet. ref'd).  He was sentenced to five years of

imprisonment for the aggravated assault offense and was placed on a ten-year term of

deferred adjudication community supervision for the indecency with a child offense.

*See id.*  Fenner served his term of imprisonment for the aggravated assault offense

and was released on July 15, 2015.  *See id.* at 895.

On June 13, 2018, the 18th District Court, serving Somervell County, revoked

Fenner's community supervision on the indecency offense, adjudicated him guilty,

and sentenced him to 20 years of imprisonment.[2]  *See id.* at 893-94; *Fenner v.

Lumpkin*, No. 6:20-CV-595-ADA, Dkt. No. 19 at 2 (W.D. Tex. July 8, 2021).

Fenner did not appeal the original five-year sentence or deferred adjudication order,

and the intermediate state appellate court affirmed the revocation and 20-year

sentence on direct appeal.  *See Fenner*, 571 S.W.3d at 893-96.  His state habeas

applications and federal § 2254 petitions challenging Cause No. 249-00724 have been

unsuccessful to date.[3]  *See, e.g.*, *Fenner*, No. 6:20-CV-595-ADA, Dkt. No. 19 at 2

(discussing habeas history); *Fenner v. Lumpkin*, No. 6:22-CV-808-ADA, Dkt. No. 16

---

[2] The 18th Judicial District Court serves both Somervell County, Texas, and Johnson County, Texas.  *See* 18th District Court, https://www.johnsoncountytx.org/government/ district-courts/18th-district-court (last visited May 1, 2026).

[3] The same day that Fenner was sentenced to 20 years of imprisonment following the revocation of community supervision and adjudication of guilt for the Somervell County indecency case, he also pled guilty in the 18th Judicial District Court, serving Johnson County, Texas, in two causes charging him with failure to comply with sex offender registration requirements.  *See State v. Fenner*, Nos. DC-F201800177, DC-F201800178 (18th Jud. Dist. Ct., Johnson Cnty., Tex., June 13, 2018).  He identifies only his indecency offense in Cause No. 249-00724 as the challenged offense in this habeas action, and each of his grounds for relief appear to pertain only to that offense. (*See* Dkt. No. 10 at 2, 6-7.)

(W.D. Tex. July 21, 2022) (dismissing successive § 2254 petition for lack of jurisdiction); *Fenner v. Lumpkin*, No. 6:22-CV-819-ADA, Dkt. No. 13 (W.D. Tex. Sept. 26, 2022) (transferring successive § 2254 petition to the United States Court of Appeals for the Fifth Circuit).

In his current § 2254 petition, Fenner challenges his indecency offense in Cause No. 249-00724 and alleges the following grounds for relief:

> (1)  Double jeopardy;
>
> (2)  Conflict of interest;
>
> (3)  1,825 days the five years I did ha[ven']t been added to this sentence, it's the same Cause No. 249-00724; and
>
> (4)  Due process of law and ineffectiveness of counsel[.]  Actual innocence because I[']ve already discharged.

(Dkt. No. 10 at 6-7 (capitalization altered).)  Fenner seeks "to be released at once from the William R. Boyd Unit" and to have his record and name "cleared," and he does not want to register as a sex offender.  (*Id.* at 7.)

## II.  JURISDICTION

To the extent Fenner challenges his original conviction or deferred adjudication, 2018 guilt adjudication, or 20-year imprisonment sentence for his Somervell County offense of indecency with a child by contact in Cause No. 249-00724, he may only pursue a § 2254 action in the district in which he is incarcerated or the one in which he was convicted.  *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000) (holding that § 2254 actions may only be filed in the place of incarceration or place of conviction).  Fenner's county of conviction,

3

Somervell County, is located within the Waco Division of the Western District of Texas.  *See* 28 U.S.C. § 124(d)(2).  Further, Fenner is incarcerated at the TDCJ-CID's Boyd Unit in Teague, Texas, a city in Freestone County, Texas, which also lies within the Waco Division of the Western District of Texas.  *See id.* Consequently, any habeas claims challenging his Somervell County indecency with a child offense should be filed in the Western District of Texas, and this Court lacks jurisdiction to entertain the § 2254 petition.  *See* 28 U.S.C. § 2241(d); *In re Green*, 39 F.3d 582, 583-84 (5th Cir. 1994).

When a court determines it lacks jurisdiction over an action, it must either dismiss the action or, in the interest of justice, transfer it to a court of proper jurisdiction.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (mentioning both options); 28 U.S.C. § 1631 (permitting transfers to cure want of jurisdiction); Fed. R. Civ. P. 12(h)(3) (directing courts to dismiss actions over which they lack jurisdiction).  Here, Fenner has previously challenged his Somervell County indecency offense in Cause No. 249-00724—both before and after his community supervision was revoked and his guilt was adjudicated—under § 2254 in the proper jurisdiction.  *See Fenner v. Livingston*, No. 4:12-CV-96-RAJ (W.D. Tex. Oct. 31, 2013); *Fenner*, No. 6:20-CV-595-ADA (W.D. Tex. July 21, 2021).  He also has since filed unauthorized successive § 2254 petitions in that court relating to the same offense.  *See Fenner*, No. 6:22-CV-808-ADA (W.D. Tex. July 21, 2022); *Fenner*, No. 6:22-CV-819-ADA (W.D. Tex. Sept. 26, 2022).

4

Given Fenner's filing history, the interest of justice favors dismissing the habeas petition for lack of jurisdiction, rather than transferring it.[4]

## III.  RECOMMENDATION

The Court should **DISMISS** the Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, received on April 6, 2026 (Dkt. No. 10), without prejudice for lack of jurisdiction.

**SO RECOMMENDED** on May 1, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] Additionally, this Court lacks jurisdiction over the § 2254 petition to the extent it constitutes another unauthorized successive petition.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).